**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHESTER RAY MA'AT EL BEY, | Civil Action No.: 14-1748 (CCC) |
| Plaintiff, | |
| v. | **ORDER** |
| PAUL M. DEPASCALE, J.S.C., STEVEN J. HARBACE, THERESA BLAIR, and PATRICIA DEFAZIO, | |
| Defendants. | |

**CECCHI, District Judge.**

This matter comes before the Court upon motion of Defendant Steven J. Harbace ("Defendant") that (1) opposes Plaintiff Chester Ray Ma'at El Bey's ("Plaintiff") motion for default judgment [ECF. No. 21], and (2) seeks vacatur of the Clerk's Entry of Default. [ECF No. 21.] It appearing that:

1. Plaintiff filed this suit on March 19, 2014. [ECF No. 1.]

2. Plaintiff requested Default against Defendant, an assistant prosecutor, on December 15, 2014. [ECF No. 15.]

3. On December 17, 2014, the Clerk's Office entered default against Defendant for failure to plead or otherwise defend. [ECF No. 17.]

4. On December 22, 2014, Plaintiff filed a motion seeking a default judgment against Defendant. [ECF No. 19.]

5. The next day, Defendant filed the instant motion opposing Plaintiff's request for default judgment and seeking vacatur of the Clerk's Entry of Default. [ECF No. 21.] Defendant

argues that: (1) Plaintiff will not be prejudiced if default is vacated, (2) default was not the result of culpable conduct, (3) Defendant has a meritorious defense, and (4) public policy favors courts deciding cases on the merits. Plaintiff has not opposed Defendant's motion.

6. Federal Rule of Civil Procedure 55 governs default judgments. When a party fails to plead or otherwise defend an action, Rule 55(a) explains that "the clerk must enter the party's default." However, Rule 55(c) notes that "[t]he court may set aside an entry of default for good cause". In determining whether "good cause" exists to set aside an entry of default, the Court should consider: (1) whether the defendant has a meritorious defense; (2) whether the plaintiff would be prejudiced by vacating the default; (3) whether the default resulted from the defendant's culpable conduct; and (4) whether alternative sanctions would be effective. Paris v. Pennsauken Sch. Dist., 2013 WL 4047638, at *2 (D.N.J. Aug. 9, 2013) (citing CGB Occupational Therapy, Inc. v. RHA/Pennsylvania Nursing Homes, Inc., 2001 WL 253745, at *3 (E.D. Pa. Mar. 9, 2001)). A clerk's entry of default "is not favored and all doubt should be resolved in favor of setting aside default and reaching a decision on the merits." Id.

7. Upon consideration of the factors, the Court concludes that good cause exists to vacate the Entry of Default. First, Defendant has a meritorious defense, namely absolute prosecutorial immunity. Such a defense would clearly "constitute a complete defense to the action", and therefore the first factor is satisfied. See Toy v. Hayman, 2008 WL 5046723, at *4 (D.N.J. Nov. 20, 2008) ("A meritorious defense is one that, if established at trial, would constitute a complete defense to the action."). Second, Plaintiff would not be prejudiced by setting aside the Entry of Default because there is no indication of "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment". See Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982). As such, the second factor is

satisfied. Third, Defendant's failure to respond or otherwise defend seems to be an inadvertent error resulting from the complicated procedures of defending multiple state employees by the New Jersey Attorney General. (See Def.'s Br. at 7-8.) Indeed, there is no suggestion that Defendant acted "willfully" or in "bad faith", and therefore the third factor is satisfied. See id.; Paris, 2013 WL 4047638, at *4; Toy, 2008 WL 5046723, at *4. Finally, as this Court has previously explained: "[e]ntry of default and default judgments are actions that have conclusory effects. Such actions should be a sanction of last, not first, resort, and courts should try to find some alternative." Paris, 2013 WL 4047638, at *5. However, there is nothing in the record to suggest that any alternative sanctions are available in this scenario. See id. Thus, the fourth factor is satisfied here.

Accordingly, **IT IS** on this **20** day of **July**, 2015

**ORDERED** that the Clerk's Entry of Default [ECF No. 17] is hereby **VACATED**; and it is further

**ORDERED** that Plaintiff's motion for default judgment [ECF. No. 19] is hereby **DISMISSED** as moot.

**SO ORDERED.**

**HON. CLAIRE C. CECCHI**
**United States District Judge**